FUENTES, Circuit Judge, concurring.
I agree with the majority opinion that the trial judge’s comments during Smith’s testimony were inappropriate. I write separately to emphasize an additional prejudicial comment by the trial judge that I believe affected the fairness of Williams’s trial. At trial, Makeda Petersen was called as a witness to testify by the Government, and she testified that Williams was not the shooter at the scene. The Government, dissatisfied with her testimony, moved to have Petersen declared a hostile witness under Federal Rule of Evidence 611(c). The court agreed with the Government, and then, in the presence of the jury, stated that it had declared Petersen to be a hostile witness. The trial judge went on to state that the court “deems her to be uncooperative and, evasive, and particularly twice she has rejected questions by the Government calling her.” (Supp App. 865-66 (emphasis added).) The prejudicial effect of remarks like this underscores why courts should not explain evidentiary rulings in the jury’s presence. The trial judge’s characterization of Petersen’s testimony as “uncooperative and evasive” could very well have influenced the jury’s assessment of whether or not to credit her testimony. See Quercia v. United States, 289 U.S. 466, 470, 53 S.Ct. 698, 77 L.Ed. 1321 (1933). In a case such as this, in which the jury heard contradictory accounts of the critical events and its ultimate decision depended upon whether it believed Petersen’s testimony, judicial statements bearing upon the credibility of a witness, such as the trial judge’s characterization of Petersen’s testimony here, could be highly influential. Cf United States v. Anton, 597 F.2d 371, 374 (3d Cir.1979) (“a strongly worded comment by the court questioning the defendant’s credibility may well overbear the jury’s ability to make independent fact findings”). Given that no curative instructions were given with respect to the judge’s statements about Petersen’s testimony, I believe that the judge’s comments concerning Petersen, in addition to those regarding Smith, were sufficiently prejudicial to Williams to require a new trial in this case.